## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-20006-04-JWL |
| | ) | |
| PATRICIA LYNN RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

### PLEA AGREEMENT

The United States of America, by and through Special Assistant United States Attorney, Tristram W. Hunt, and Patricia Lynn Richardson, the defendant, personally and by and through defendant's counsel, Bob Kuchar, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.  **Defendant's Guilty Plea.**    The defendant agrees to plead guilty to Count 2 of the Indictment charging a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) (vii) and Title 18, United States Code, Section 2, that is knowingly and intentionally distributing and possessing with the intent to distribute more than 800 kilograms of a mixture and substance containing marijuana, a controlled substance. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 2 of the Indictment to which the defendant has agreed to plead guilty is not less than 5 years nor more than 40 years imprisonment, a $2,000,000 fine, 4 years of supervised release and a $100 mandatory special assessment fee. If the defendant has a prior drug felony, then the

maximum sentence which may be imposed as to Count 2 of the Indictment to which the

defendant has agreed to plead guilty is not less than 10 years nor more than life

imprisonment, not more than a $ 4,000,000.00 fine, not less than 8 years of supervised

release, and a $100 mandatory special assessment.   The United States agrees that at

the time of sentencing it will move for dismissal of the remaining count of the

Indictment.

  2.   **Factual Basis for the Guilty Plea.**   The parties agree the facts

constituting the offense to which the defendant is pleading guilty are as follows:

On Thursday, December 16, 2004, at approximately 8:30 am, Kansas Highway Patrol
(KHP) Trooper Clint Epperly conducted a traffic stop of a 2000 Dodge pick-up truck,
bearing New Mexico license 298-NKS, on northbound I-35, near mile marker 130 at
Emporia, Kansas.  This truck was pulling a large horse trailer.  Trooper Epperly had
observed the driver of this truck commit several lane violations.
      The driver identified herself by New Mexico driver's license as Patricia L.
Richardson.  The passenger was identified as Ryon Richardson.  During this traffic
stop, Trooper Epperly became suspicious of Ms. Richardson's travel plans.  Although
she said she no longer lived there, her driver's license showed her address as Deming,
New Mexico, and her truck and trailer were registered in Deming also.  Trooper Epperly
knows Deming to be near El Paso, Texas, which he and I know is a major source city
for drugs which are transported on I-35 to Kansas City and elsewhere.  She said she
was traveling from New Mexico to Kansas City to buy a painted burro.  When Trooper
Epperly asked her what a painted burro is, she said a donkey or small horse which is
two colors.  She didn't know where she was going to go to buy the painted burro, but
instead had contact numbers to call.  Trooper Epperly knew from his training and
experience that drug couriers often either do not want to reveal where they are going, or
do not know where they are to go within their destination city and instead simply have
telephone numbers to call when they arrive so arrangements can be made to arrange
the drop-off of their load.  She appeared to be nervous and avoided eye contact.  When
Trooper Epperly asked about her relationship to the passenger, she denied any
relationship to him even though they have the same last name.
      After Trooper Epperly issued a warning and returned her documents to her, he
asked if he could ask her some questions and she said he could.  He commented on
the problems with the transportation of drugs on I-35 and asked for consent to search
her truck and trailer.  Although she had appeared slightly nervous before, she then
became very jittery.  She initially said he could search, but then said she would like to
keep going and asked how long it would take.  After further discussion, she indicated
she would have a problem with him searching her truck.  He then asked if he could call

2

for a drug dog, and she said he could. She asked if they could go somewhere else, and he said they could go to an exit about half a mile down the road. She then drove to that exit, and parked at a business's parking lot. Trooper Epperly followed her, but did not have his emergency lights or siren activated.

Trooper Epperly contacted a narcotics detection canine unit to come to the scene. The canine unit, from the Lyon County Sheriff's Office, arrived about five to ten minutes later at approximately 8:49 am. During a search of the truck and trailer, the canine alerted to the presence of narcotic odor emitting from the truck and the trailer.

Subsequent to a search of the interior of the trailer, Trooper Epperly discovered approximately 42 cardboard boxes. Each box contained a large amount of bulk marijuana. The total weight of these boxes and marijuana was found to be approximately 1,841 pounds.

Ms. Richardson and her passenger were placed under arrest and advised of their rights; the passenger was later released. Ms. Richardson waived her rights and said she wished to cooperate. Ms. Richardson advised that she was delivering the marijuana to Kansas City, Kansas. Trooper Epperly contacted the DEA in Kansas City for assistance. Ms. Richardson, and her truck and trailer were brought to Kansas City to conduct a controlled delivery.

Once in Kansas City, Ms. Richardson led Agents to a business located at 1031 Merriam Lane, Kansas City, Kansas. At approximately 5:30 pm, a controlled delivery of the marijuana was conducted. Ms. Richardson drove the truck and horse trailer to the above listed business. She was met by four individuals, three of whom were later identified as Julian Ramirez, a.k.a. Raul Nieto, Jose Luis Morales-Morales, a.k.a. Jose Luis Morales-Morales, and William Ruben Rodriguez-Recino. Immediately upon her arrival, Ramirez provided her with approximately $20,000 in cash, which was payment for delivering a previous load of marijuana.

Ms. Richardson, Ramirez, Morales, Rodriguez, and the fourth person unloaded all 42 boxes of marijuana from the horse trailer and placed them into the garage of the business. Subsequent to this, Agents moved in and arrested Ramirez, Morales, and Rodriguez; the fourth person was not apprehended.

Ms. Richardson advised that approximately 2 days earlier, Ramirez, Morales, and two other unidentified subjects had loaded the marijuana into her trailer in El Paso, Texas.


3.    **Application of the Sentencing Guidelines.**    The parties request that the

United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate

the applicable sentence in this case and that a sentence consistent with the Guidelines

be imposed by the Court.    The defendant further waives any right to have facts that

determine the offense level under the Guidelines alleged in an indictment and found by

3

a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

**4.** **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 2, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

**5.** **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

      a.    To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

      b.    To recommend a sentence at the low end of the applicable guideline range;

      c.    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one

(1) level reduction for acceptance of responsibility because the defendant timely notified the government of her intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;

d.      To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

**6.** **Defendant's Agreements.** The defendant agrees to cooperate fully

and truthfully with the United States as follows:

   a.   Defendant agrees to provide truthful, complete, and accurate
        information and testimony in the trial of this matter, before any
        grand jury proceeding, or in any related hearing;

   b.   Defendant agrees to provide all information concerning the
        defendant's knowledge of, and participation in, the offenses
        charged in the indictment and all related conduct;

   c.   Defendant agrees that if the United States determines the
        defendant has not provided full and truthful cooperation, or has
        committed any local, state, or federal crime between the date of
        this plea agreement and her sentencing, or has otherwise violated
        any other provision of this plea agreement, the plea agreement
        may be voided and the defendant shall be subject to prosecution
        for any federal crime of which the United States has knowledge
        including, but not limited to, perjury, obstruction of justice, and any
        substantive offenses arising from this investigation. Such
        prosecution may be based upon any information provided by the
        defendant during the course of the defendant's cooperation, or
        upon leads derived therefrom, and this information may be used as
        evidence against the defendant. In addition, the defendant's
        previously entered plea of guilty will remain in effect and cannot be
        withdrawn;

   d.   Defendant agrees to fully and completely assist the United States
        in the identification and recovery of forfeitable assets, either
        domestic or foreign, which have been acquired directly or indirectly
        through the unlawful activities of the defendant, co-defendants,
        and/or co-conspirators and further agrees to not contest any
        forfeiture proceedings.

**7.** **Substantial Assistance.** The defendant acknowledges that substantial

assistance has not yet been provided by the defendant within the meaning of U.S.S.G.

§ 5K1.1 and Title 18, United States Code § 3553(e). Upon the determination by the

United States the defendant has provided substantial assistance, the United States

shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

8. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

9. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above her guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

10. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

7

**11.** **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the clerk of the court payment in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**12.** **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the

8

sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

13. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

14. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set

forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**16.** **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**17.** **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that she has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is

pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

TRISTRAM W. HUNT
Special Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, Kansas, 66101
Telephone #: 913-551-6730
Ks.S.Ct. #;18196

Date: 3.7.05

MARIETTA PARKER
Supervisor

Date: 3 - 7 - 05

PATRICIA LYNN RICHARDSON
Defendant

Date: 3 - 7-05

BOB KUCHAR
Attorney for Defendant Patricia Lynn Richardson
110 s. Cherry Street, Suite 200
Olathe, Kansas, 66061
Telephone #: 913-390-5023
Ks.S.Ct.#: 17169

Date: 3 7/05